### SCHLUCHTNER v. STRAEFFER.

(Supreme Court, Appellate Division, Second Department. May 7, 1898.)

APPEAL—REVIEW—CONFLICTING EVIDENCE.

> In an action to recover damages resulting from a collision between the vehicles of the plaintiff and defendant, there was a very pronounced conflict of evidence as to the speed at which plaintiff was driving, as to whether he was racing with another team, and as to whether the parties were respectively on the proper side of the middle of the road, and as to the care exercised by each of them. *Held*, that a verdict in favor of the plaintiff should not be interfered with.

Appeal from trial term, Kings county.

Action by Charles W. Schlüchtner against Edward Straeffer. From a judgment entered on a verdict, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

P. Q. Eckerson, for appellant.

Jerry A. Wernberg, for respondent.

GOODRICH, P. J. On October 25, 1895, about 6 o'clock in the evening, the plaintiff and his wife, in a road wagon, were driving southerly on the Eastern Parkway, in the city of Brooklyn. Just ahead of the plaintiff was another wagon, proceeding in the same direction. The defendant was driving in a two-wheeled cart in a northerly direction, and just ahead of him was a coal cart. The defendant turned to the left to pass the coal cart, and, as he pulled out, his cart and the wagon of the plaintiff came into collision. There is a very pronounced conflict of evidence as to the speed at which the plaintiff was driving, as to whether he was racing with the team just ahead of him, or whether he was to the westward of the center of the road, and as to whether the defendant was to the eastward of the center of the road, and as to the care exercised by each of the parties. So great was the conflict upon these points that it was pre-eminently a case for the verdict of a jury. The court fairly submitted the questions involved; the jury have found for the plaintiff; and we see no reason to interfere with the verdict. All concur.